IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00262-WDM-MJW

SHERRI A. ANDERSON,

Plaintiff(s),

v.

WAL-MART STORES, INC.,

Defendant(s).

## ORDER REGARDING
## PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL

**ENTERED BY MAGISTRATE JUDGE MICHAEL J. WATANABE**

Plaintiff has verbally requested the appointment of counsel.  While the plaintiff does not have a constitutional or statutory right to appointed counsel in an employment discrimination case, Title VII provides the court with discretionary statutory authority to appoint counsel upon request "in such circumstances as the court may deem just." Vera v. Utah Dep't of Human Servs., 2000 WL 130717 (10th Cir. Feb. 4, 2000) (quoting 42 U.S.C. § 2000e-5(f)(1)), cert. denied, 540 U.S. 893 (2003).  The four factors the court should consider when deciding whether to appoint counsel in such cases is "(1) the plaintiff's financial inability to afford counsel; (2) [her] diligence in attempting to secure counsel; (3) the merits of [her] case; and (4) in close cases the plaintiff's capacity to prepare and present the case without the aid of counsel." Id. (quoting Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992)).

In this case, plaintiff has established her inability to afford counsel and that she

has made unsuccessful attempts to retain counsel.  The court finds that this is one of the "close cases" referred to above in which the court must consider plaintiff's capacity to prepare and present the case pro se.  The court finds that appointment of counsel is appropriate and shall direct the Clerk of the Court to make a good faith effort to try to secure pro bono legal counsel for the plaintiff.  This case shall proceed in its ordinary course, with plaintiff continuing to act pro se, until such time as the court is able to secure counsel.  It is thus hereby

**ORDERED** that the plaintiff's request for appointment of counsel is granted to the extent that the Clerk of the Court is directed to make a good faith effort to try to secure pro bono counsel for the plaintiff.

Dated:      August 8, 2005             s/Michael J. Watanabe
            Denver, Colorado           Michael J. Watanabe
                                       United States Magistrate Judge